IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>vs.<br><br>ROCHELLE WRIGHT,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO CHANGE METHOD BY WHICH BALANCE OF SENTENCE IS SERVED<br><br><br>Case No. 2:06-CR-834 TS |

　　Defendant moves to change the method by which the balance of her sentence is served. She proffers that she has served 19 months of the 34-month sentence imposed on May 7, 2007, and requests that she be released to home confinement or a halfway house-like facility for the remainder of her term. She argues the Bureau of Prisons (BOP) has failed to set up a Family Unity Demonstration Project of halfway house-like facilities for mothers of young children as authorized by 42 U.S.C. § 13882,[1] and, therefore, the

---

[1] *See* Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. §§ 13881-1390 (Family Unity Demonstration Project) (authorizing certain demonstration projects, in which certain eligible offenders would be able to live in community correctional facilities with their young children).

1

Court is empowered to fashion an effective alternative remedy to effectuate the goal of § 13882.  The government opposes the Motion on the ground that Defendant has not shown any statutory authority that would allow the Court to modify her sentence.

A federal sentencing court has only very limited authority to modify a previous sentence.  Where, as in the present case, there was neither a direct appeal or collateral challenge to the sentence: "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[2]

Defendant bases her request on 18 U.S.C. § 3553 and 42 U.S.C. § 13882.  The Court finds § 3553 does not authorize modification of a sentence once it is imposed.  Similarly, neither § 13882 nor any other any section of the Family Unity Demonstration Project authorizes the sentencing court to modify a federal sentence after it has been imposed.

Instead, the controlling law is found at 18 U.S.C. § 3582(c) expressly providing: "the court may *not* modify a term of imprisonment once it has been imposed except"[3] in three limited circumstances.  Those circumstances are "(1) upon a motion by the Director of the Bureau of Prisons; (2) if such modification is otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or (3) if a sentencing range has subsequently been lowered by the Sentencing Commission.[4]

---

[2]*United States v. Smartt,* 129 F.3d 539, 540 (10th Cir. 1997) (quoting *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997)).

[3]Emphasis added.

[4]*United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005).

Defendant shows none of the three limited circumstances. There is no motion by the BOP's director. As stated above, no section contained in the Family Unity Demonstration Project is a statute that authorizes modification by the Court.[5] There has been no subsequent lowering of sentencing range applied to Defendant by the Sentencing Commission. As to the Rule 35 provisions, now that it has been more than one year since Defendant's sentencing: it authorizes corrections or reduction of sentences only for substantial assistance upon motion of the government—not the situation in this case.

Defendant having failed to show grounds to modify her sentence, it is therefore

ORDERED that Defendant's Motion to Change Method by Which Balance of Sentence is Served (Docket No. 22) is DENIED.

DATED   September 15, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] 42 U.S.C. § 13901(a) authorizes only the Attorney General, acting through the BOP's Director, to select eligible prisoners for the program.

3